UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

JOHN MEGGS,

    Plaintiff,
v.

SHC CHOPIN PLAZA, LLC and DTRS
INTERCONTINENTAL MIAMI, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, SHC CHOPIN PLAZA, LLC and DTRS INTERCONTINENTAL MIAMI, LLC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff is the President of the Not-for-Profit Corporation, Access 4 All, Incorporated.

5. At all times material, Defendant, SHC CHOPIN PLAZA, LLC was and is a Foreign Limited Liability Company, organized under the laws of the state of Delaware, with its principal place of business in Chicago, Illinois.

6. At all times material, Defendant, SHC CHOPIN PLAZA, LLC, owned and operated a commercial property location at 100 Chopin Plaza, Miami, Florida (hereinafter the "Commercial Property").

7. At all times material, Defendant, DTRS INTERCONTINENTAL MIAMI, LLC was and is a Foreign Limited Liability Company, incorporated under the laws of the state of Delaware, with its principal place of business in Chicago, Illinois.

8. At all times material, Defendant, DTRS INTERCONTINENTAL MIAMI, LLC, owned and operated a commercial hotel business at 100 Chopin Plaza, Miami, Florida (hereinafter the "Commercial Property"). Defendant, DTRS INTERCONTINENTAL MIAMI, LLC, holds itself out to the public as "InterContinental Miami."

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami, Florida, Defendants regularly conduct business within Miami, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

10. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive

publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein, including the retail shopping store.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.   Plaintiff requires the use of a wheelchair to ambulate.

14. Defendant, SHC CHOPIN PLAZA, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Miami, Miami-Dade County, Florida, that is the subject of this Action.

15. The subject Commercial Property is open to the public and is located in Miami, Florida.  The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 26, 2021 through September 27, 2021, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.  He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

16. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the

goods and services offered to the public at the property. Plaintiff spends time in and near Miami, Florida, in the same state as the Commercial Property, and intends to return to the property on or about two (2) months' time of the filing of this Complaint as he regularly conducts business on behalf of the Not-For-Profit Corporation, in and around Miami, Florida, including but not limited to meeting with organization's members and meeting with undersigned counsel. Specifically, Plaintiff intends to revisit the Commercial Property on or about January 2022 in order to take an annual photograph with the organization's members and sometime in February 2022 in order to hold a meeting for the Not-For-Profit Corporation.

17. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

18. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

19. Defendants, SHC CHOPIN PLAZA, LLC and DTRS INTERCONTINENTAL MIAMI, LLC, own and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and operate is the Commercial Property restaurant business located at 100 Chopin Plaza, Miami, Florida.

20. Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendants, SHC CHOPIN PLAZA, LLC and DTRS INTERCONTINENTAL MIAMI, LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are

5

not limited to, the following:

### A. Parking and Exterior Accessible Route

i. There is no accessible route from the City of Miami Parking Lot to the valet area at The Intercontinental Hotel, Miami.

### B. Entrance Access and Path of Travel

i. Accessible routes at Intercontinental Hotel Miami (Accessible route from Biscayne Bay leading into InterContinental Hotel) have cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ii. Accessible routes at Intercontinental Hotel Miami have cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Accessible routes at Intercontinental Hotel Miami (in front of Hotel Main Entrance) have cross slopes (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iv. Accessible routes at Intercontinental Hotel Miami have changes in level of (>3/4") creating hazardous conditions for John Meggs violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Ramps at Intercontinental Hotel Miami lack compliant landings at top and bottom of each run (30" rise max) endangering John Meggs and violating the ADAAG and ADAS Section 405.

vi. Ramps at Intercontinental Hotel Miami lack compliant landings at top and bottom of each run (30" rise max) endangering John Meggs and violating the ADAAG and ADAS Section 405.

vii. Ramp surface contains an excessive slope/side slope of (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

viii. Ramp surface (leading to InterContinental Hotel, main enxtrnace) contains an excessive slope/side slope of 3.7% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

ix. Curb ramps at Intercontinental Hotel Miami contain excessive slopes of (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

x. Curb ramps at Intercontinental Hotel Miami (Bayside Terrace entrance) contain excessive slopes of (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

xi. Curb ramps at Intercontinental Hotel Miami (in front of valet parking garage) contain excessive slopes of curb ramp (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

xii. Curb ramps at Intercontinental Hotel Miami contain excessive slopes of Next to accessible route ramp (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

xiii. Ramp at Intercontinental Hotel Miami is > 6' in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

C. Access to Goods and Services

i. Counters in check area are in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

ii. Counters are in spa are in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

iii. Counters at the towel exchange are in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

iv. Counters at the bell desk are in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

v. Table-top and writing surface heights are non-compliant preventing use by John Meggs, violating 2010 ADAS.

vi. Table knee and toe space is non compliant, preventing use by John Meggs.

vii. Aisles, hallways and corridors have slopes of accessible route from pool to hotel lobby area, creating hazardous conditions for John Meggs.

viii. Aisles, hallways and corridors have ramps with slopes makeshift ramp on accessible route from pool area (1/12 max), creating hazardous conditions for John Meggs.

ix. Aisles, hallways and corridors have ramps with slopes on accessible route hallway from pool/patio area (1/12 max), creating hazardous conditions for John Meggs.

x. Aisles, hallways and corridors have ramps without proper handrails or landings, endangering John Meggs.

xi. Maneuvering clearance at door in accessible route from pool area, impeding John Meggs, violating Table 404.2.4.2 of the 2010 ADAS.

xii. Door has inaccessible hardware, preventing use by John Meggs, violating the ADAAG and Section 404 of the 2010 ADAS.

D. Restrooms

i. There are exposed pipes in restrooms at InterContinental Hotel Miami, causing safety issues for John Meggs, violating Section 4.19.4 of the ADAAG.

ii. Sinks mounted 35.5" to rims, denying access to John Meggs, violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

8

iii. Sinks mounted 36.5" to rims, denying access to John Meggs, violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

iv. Sink knee clearance (27" min @ 8" deep) prevents John Meggs from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

v. Clear floor space is not available, so John Meggs is unable to approach restroom elements 22" violates 2010 ADAS Sec. 305.

vi. Grab bars 36.5 AFF do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

vii. Grab bars at the pool patio area public restroom do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

viii. Toilet has improper centerline 19" from side wall; denying access to John Meggs, violating the 2010 ADAS.

ix. Toilet flush valve not mounted on wide side, denying access to John Meggs, violating the ADAAG and 2010 ADAS Sec. 604.

x. Amenities provided do not comply with the requirements of the ADAAG and 2010 ADAS, preventing John Meggs from using them.

E. <u>Accessible Guestrooms and Suites</u>

i. Rods and shelves in closets or wall mounted units > 48" AFF 65" or lack the clear floor space for John Meggs to approach, violating the ADAAG and 2010 ADAS Section 308.

ii. Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF 36.5, preventing safe use to John Meggs.

iii. Toilet in accessible bathroom's rear wall grab bar not at least 36" long and mounted between 33"-36" AFF 36.5, preventing safe use by John Meggs.

iv. Roll-in shower is not 30" wide by 60" long or 36" wide by 60" 29" by 65", as configured in 2010 ADAS Figure 608.2.2 or 608.2.3, preventing use by John Meggs.

v. Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be are operable from the folding shower seat or from the shower wheelchair.

vi. Horizontal grab bar 36.5" not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

vii. Horizontal grab bar 36.5" not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

viii. Roll-in shower is obstructed by door and curb or lip that impedes John Meggs's wheelchair transfer onto the seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

ix. Facility transportation services for guests is not accessible where readily available to do so for John Meggs, without additional charge, violating 28 CFR 36.310.

## **RELIEF SOUGHT AND THE BASIS**

24. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal

enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have

a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. While Defendant, SHC CHOPIN PLAZA, LLC, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

29. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

31. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of

the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 6, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
            dperaza@lawgmp.com

By: ___/s/ Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451
    BEVERLY VIRUES
    Florida Bar No.: 123713